JOHN P. O'NEILL, receiver &c.,

*v.*

AMOS CLARK, JUN., et al.

1. Deed reformed by striking out an assumption of a mortgage inserted through the mistake of the scrivener, and accepted by the grantee in ignorance thereof.

2. A *bona fide* release of an assumption of a mortgage was verbally agreed upon before suit brought to foreclose the mortgage, but the release was not executed until after suit brought. Without knowledge of the existence of the suit, it was executed and the consideration paid.—*Held*, to discharge the assumption.

Bill to foreclose and bill in the nature of a cross-bill. On final hearing on pleadings and proofs.

*Mr. T. A. Jobs,* for complainant in original bill.

*Mr. W. P. Wilson,* for Amos Clark, Jr., and for William A. Clark, complainant in cross-bill.

THE CHANCELLOR.

The controversy between the parties is in reference to the liability of Amos Clark, jun., and William A. Clark, his son and grantee, to a personal decree for deficiency. The suit is for foreclosure and sale of mortgaged premises. The complainant is the receiver (appointed by this court) of the Continental Life Insurance Company. The mortgage in suit was given to that company June 30th, 1871, by Josiah Oakes and Susan A., his wife, to secure the payment of $12,000 with interest, according to Oakes's bond to the company. The mortgaged premises are in the city of Elizabeth. On January 10th, 1872, Oakes and his wife conveyed the property to Amos Clark, jun., subject to the mortgage, the payment of which he thereby assumed; the amount of it being allowed to him as so much of the consideration of the

O'Neill *v.* Clark.

conveyance. On December 17th, 1877, Clark and his wife conveyed the premises to their son, William A. Clark, subject to the mortgage. The deed from them to him contained a declaration of the assumption of the payment of the mortgage by him as a part of the consideration of the conveyance. Though that deed expressed a consideration of $12,500, it was in fact without consideration, and merely voluntary, a mere deed of gift. It was delivered as a wedding present to William on the occasion of his marriage. The complainant's bill was filed April 2d, 1879. By it he prays a personal decree for deficiency against both Amos and William Clark. The *subpœna ad respondendum* was issued on the bill on the 15th of that month. By deed dated on the 10th of that month, eight days after the filing of the bill, and five days before the issuing of the subpœna thereon, Susan A. Oakes, executrix of the will of Josiah Oakes, the mortgagor (who had previously died), for the consideration of $500 paid to her by Amos Clark, and the release of her and Oakes's estate from liability to him upon a bond and mortgage for $10,000 and interest, given by Oakes to him, released him from all liability on the assumption contained in the deed from Oakes and his wife to him for the premises described in the complainant's mortgage. It will be remarked that the release was given after this suit was begun, but before the subpœna to answer was issued. Amos Clark, by his answer, sets up the release as a defence against the claim of personal liability made against him, and alleges that the release, though not delivered until the 10th of April, was, in fact, verbally agreed upon in March preceding. William Clark filed his answer, alleging that the clause of assumption contained in the deed to him was inserted by mistake of the person who drew the deed, and that his father neither directed nor intended that any such clause should be in the deed. He further sets up the release to his father, and insists that even if the assumption in his deed were such as equity would permit to stand, he would not be liable to the complainant thereunder, because of the release by which his grantor was discharged from all liability to indemnify Oakes's estate against the mortgage. After answering, he filed a bill evidently designed as a cross-bill,

in this suit, but which lacks most of the characteristics of such a pleading, and appears rather to be an original bill. Its object is relief against the assumption contained in the deed to him, and it prays a rectification of that deed by expunging the clause. As before remarked, it was designed as a cross-bill, but if intended as. an original bill it is of such a character that, on motion, the court would have ordered that it stand as a cross-bill so far as the complainant therein was concerned. The issue which it tenders has been accepted by the complainant in the foreclosure suit, and the controversy is before me on its merits; and if any amendments were necessary to an effectual and conclusive disposition of the question which it raises, they would, under the circumstances, be made.

The proof is clear that the assumption clause in the deed of William was inserted by the draughtsman without any direction to do so from the parties, or any of them, and contrary to the intention of the grantors. It further appears that the deed was delivered merely as a gift (a wedding present) of the property subject to the mortgage, and without any consideration other than natural affection. Also that the grantee was not aware until after the beginning of this suit that the clause was in the deed; and further, that had he known it was there when the deed was tendered to him, he would not have accepted the deed with the clause in it; and that had he become aware, after he received it and before suit brought, that it was in the deed, he would have had it expunged. He is clearly entitled to the relief which he seeks, but of course no costs will be awarded to him.

As to the defence of Amos Clark under the release from the executrix of Oakes. There is no evidence of any want of good faith in that matter, nor is any bad faith even alleged. The proof is that the release and its terms were agreed upon before the original bill in this cause was filed. Moreover, there is no evidence that the parties to the release, or either of them, had, when the release was delivered, any knowledge that this suit had been or was about to be instituted. No subpœna had been issued, nor, as far as appears, had any notice of any kind been given them that the suit had been instituted or was about to be

commenced. The filing of the bill was not of itself notice of the beginning of the suit. *Haughwout* v. *Murphy, 7 C. E. Gr. 531.* In good faith, and with no actual knowledge of the suit, Clark, in pursuance of the agreement made in March, paid Mrs. Oakes $500, and released her and her husband's estate from liability on his mortgage for $10,000 and interest. It is urged, on the part of the complainant in this suit, that there is no proof that Mrs. Oakes was the legal representative of her husband. But no proof on that head was necessary, for the bill itself states the death of Josiah Oakes, and that his widow, Susan A. Oakes, is the executrix of his last will and testament, and his sole legatee, and prays a decree for deficiency against her to the extent of assets received and not otherwise legally appropriated. There will be no decree for deficiency against either of the Clarks.